UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBERT GEE, JR.,
Plaintiff

v.  No. SA-19-CV-00408-JKP

ANDREW SAUL, COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION;
Defendant

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Magistrate Judge Richard Farrer's Report and Recommendation filed on August 17, 2020, (*ECF No. 20*) and the objections filed by Plaintiff, Robert Gee. (*ECF No. 21*). Magistrate Judge Farrer recommends this Court affirm the Commissioner's decision. For the following reasons, the Court OVERRULES Gee's objections to the Report and Recommendation, ADOPTS Judge Farrer's Report and Recommendation and AFFIRMS the Commissioner's decision. Accordingly, Gee's complaint is DISMISSED WITH PREJUDICE.

**LEGAL STANDARDS**

I. **Review of a Magistrate Judge's Report and Recommendation**

When, as here, a party objects to the Magistrate Judge's findings or conclusions in a Report and Recommendation, such objections must specifically identify those findings or recommendations the party wishes to have the district court consider. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3); *see also*

*Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). In conducting a *de novo* review, the Court will examine the entire record and, pertinent to the objections, must conduct its own analysis of the applicable facts and make an independent assessment of the law. *Battle*, 834 F.2d at 421; *Johnson v. Southwest Research Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016). As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(C); *MPJ v. Aero Sky, L.L.C.*, 673 F. Supp. 2d 475, 479 (W.D. Tex. 2009).

## II.    Standard of Review of Commissioner's Determination

The District Court's review of the Commissioner's decision to deny a Plaintiff's request for disability benefits is limited to whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Id*. (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). It is the role of the Commissioner, not the courts, to resolve conflicts in the evidence. *Newton*, 209 F.3d at 452; *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). As a result, the reviewing court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner's findings must be affirmed if they are supported by substantial evidence. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). A finding of no substantial evidence is warranted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th

Cir. 1988) (internal quotations and citation omitted); *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

## DISCUSSION

Gee filed for disability insurance benefits on January 5, 2016, proceeded through the administrative process and received a hearing before an Administrative Law Judge (ALJ). The ALJ denied Gee's benefits claim finding he did not meet the insured-status requirements of the Social Security Act through December 31, 2018. As support for this finding, the ALJ applied the five-step sequential analysis required by the regulations. At step one, the ALJ found Gee had not engaged in substantial gainful activity since the onset date. At step two, the ALJ found that Gee has the following severe impairments: ankylosis spondylitis and/or hypomobility syndrome; lumbar spondylosis; recurrent nephrolithiasis; gastroesophageal reflux disease (GERD); hyperlipidemia; benign hypertension; anxiety and depression. At step three, the ALJ found that none of Gee's impairments meet or medically equal the severity of a listed impairment in the applicable Social Security regulations. The ALJ held Gee is not prevented from engaging in any substantial gainful activity for any continuous period which lasted or could be expected to last for at least twelve months, and Gee was not under a disability as defined by the Social Security Act. It is undisputed Gee exhausted his administrative remedies.

Gee filed this appeal of the Commissioner of Social Security's final determination upholding the ALJ's decision. In this appeal, Gee raised the following issues: (1) the ALJ committed reversible legal error in assessing Gee's residual functional capacity; (2) the ALJ did not properly weigh or consider the medical opinions; and (3) the ALJ committed reversible error in relying on the vocational expert's testimony

Magistrate Judge Farrer conducted a thorough review of these issues raised and found the ALJ did not commit reversible error when assessing Gee's GERD, hyperlipidemia, hypertension, and recurrent nephrolithiasis, and there is substantial evidence in the record to support the ALJ's residual-functional-capacity assessment and decision not to include additional limitations based on these severe impairments.

Gee objects to Magistrate Judge Farrer's Report and Recommendation.

**A. The ALJ failed to use proper procedure in determining the Plaintiff's residual functional capacity ("RFC"), because the ALJ failed to account for some of the Plaintiff's severe impairments in the Residual Functional Capacity analysis. The Magistrate believed no procedural errors were made by the ALJ in the RFC. Plaintiff objects to this finding.**

Gee's primary objection in his first issue is Magistrate Judge Farrer incorrectly assessed his first argument as one of "no substantial evidence" when his argument was actually based on the ALJ's failure to apply the proper legal standards in determining Gee's RFC. Gee goes on to raise the same arguments presented on appeal with regard to the ALJ's failure to account for some of Gee's impairments in the RFC analysis, even after determining these impairments are severe.

As required by 28 U.S.C. § 636(b)(1)(C), the Court conducted an independent review of the entire record and a *de novo* review of the matters raised in this objection. The Court reviewed Gee's arguments on appeal from the ALJ decision and Magistrate Farrer's assessment and determination of the multi-faceted issues presented. The Court concludes Gee's objections should be overruled. The Court's independent review of the entire record and *de novo* review of the matters pertaining to this objection reveal the Commissioner's decision is supported by substantial evidence, and the Commissioner applied the proper legal standards in evaluating the evidence. Magistrate Judge Farrer addressed the heart of Gee's argument and properly concluded

"there is no merit to Gee's argument that the ALJ did not address all of the severe impairments." Magistrate Judge Farrer correctly assessed and analyzed the argument presented and applied proper legal standards to reach his conclusion.

> **B. Dr. Anigbogu's opinion, which the ALJ obtained by post-hearing interrogatories, was accepted in part and denied in part by the ALJ without any additional hearing or query, thus, the ALJ "played doctor" and cherry-picked arguments without good cause; the Magistrate believed good cause was shown. Plaintiff objects to this finding.**

Gee's argument with regard to the ALJ's inconsistent reliance upon Dr. Anigbogu's opinion is subsumed in his argument with regard to the ALJ's final conclusion with regard to the RFC assessment. Specifically, Gee argues the ALJ inconsistently placed great weight on Dr. Anigbogu's opinion for the majority of her conclusions; however, placed "little weight" on the medical opinion regarding how often Gee's nephrolithiasis would affect his ability to work. In so doing, Gee argues the ALJ did not have the requisite good cause to give little weight to the medical opinion, and thus, inappropriately "played doctor" and "cherry-picked" the medical opinion. Gee argues this inconsistent reliance on Dr. Anigbogu's medical opinion resulted in the incorrect RFC assessment.

As required by 28 U.S.C. § 636(b)(1)(C), the Court conducted an independent review of the entire record and a *de novo* review of the matters raised in this objection. The Court concludes Gee's objection should be overruled. The Court's independent review of the entire record and *de novo* review of the matters pertaining to this objection reveal the Commissioner's decision is supported by substantial evidence, and the Commissioner applied the proper legal standards in evaluating the evidence. This de novo review reveals the ALJ had good cause to place little weight to a specific portion of Dr. Anigbogu's opinion and properly assessed other medical evidence in the record to reach her final RFC assessment.

**C. The Vocational Expert ("VE") failed to match the RFC given by the ALJ to appropriate jobs in the Dictionary of Occupational Titles ("DOT") and the ALJ did not check the jobs against the DOT before writing the decision, thus, the ALJ did not comply with SSR 00-4p which requires the ALJ to confirm that VE testimony be consistent with the DOT. The Magistrate found that the error, at most, should be termed "harmless." Plaintiff objects to this finding**.

Gee argues the ALJ improperly relied upon the Vocational Expert's (VE) testimony that was inconsistent with the Dictionary of Occupational Titles (DOT), and this error resulted in inaccurate RFC finding. Specifically, Gee argues the ALJ accepted the VE's assessment that the Gee could work in the following jobs, which are rated at "an R2 level": administration clerk, hotel clerk, and office helper. However, the VE's rating assessment was wrong because only office helper is rated at an R2 level; administrative clerk is rated R4 and hotel clerk is rated R3. These rating assessments are important because the ALJ's RFC included a finding that Gee was capable of performing reasoning at an R2 level. Because reasoning requirements increase as the ratings increase, Gee was not capable of performing the jobs of administrative clerk and hotel clerk based upon the ALJ's finding.

Gee argues under SSR 00-4p, evidence given by a VE must conform to the DOT. If there is a conflict between the VE's testimony and the DOT, the ALJ must resolve the conflict, explain how it was resolved in the hearing decision, and must state what evidence she relied upon. Here, Gee argues the ALJ failed to check the VE's testimony and thus, failed to note any conflict between her RFC and the jobs offered by the VE. The conflict was neither recognized nor resolved. In this failure, Gee argues the ALJ failed to follow proper procedure, and thus, the ALJ's decision failed to employ the proper legal standards in evaluating the evidence.

Magistrate Judge Farrer analyzed the record and noted the purported conflict. Magistrate Judge Farrer concluded any error was "at most-a harmless error" because the ALJ's final conclusion is supported by the one job that was admittedly rated correctly. Thus, Gee was not prejudiced "by any failure on the ALJ's part to resolve a purported conflict implicating only the other two jobs identified by the vocational expert."

As required by 28 U.S.C. § 636(b)(1)(C), the Court conducted an independent review of the entire record and a *de novo* review of the matters raised by this objection. The Court concludes Gee's objection should be overruled. The Court's independent review of the entire record and *de novo* review of the matters pertaining to this objection reveal the Commissioner's decision is supported by substantial evidence, and the Commissioner applied the proper legal standards in evaluating the evidence. This *de novo* review reveals substantial evidence supports the ALJ's assessment and evaluation of the evidence presented. Even if, as Gee purports, the ALJ erred by failing to recognize and resolve and conflict, and thus, failed to follow proper procedure, any such error was harmless.

## **CONCLUSION**

As required by 28 U.S.C. § 636(b)(1)(C), the Court conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  The Court concludes Gee's objections should be overruled. The Court's review of the evidence demonstrates the Commissioner's decision is supported by substantial evidence, and the Commissioner applied the proper legal standards in evaluating the evidence.

Finally, regarding any portion of the Report and Recommendation that are not objected to, the Court concludes Magistrate Judge Farrer's findings and conclusions are not clearly erroneous or contrary to law. Magistrate Judge Farrer correctly stated and applied proper legal

standards to the facts in this case. The Court further concludes Magistrate Judge Farrer's Report and Recommendation is an accurate statement of the facts and a correct analysis of the law in all regards.

Therefore, the Court accepts Magistrate Judge Farrer's factual findings and legal conclusions contained in the Report and Recommendation. For the same reasons recited by Magistrate Judge Farrer, the Court specifically rejects Gee's arguments on appeal.

Accordingly, it is ORDERED Gee's objections are OVERRULED, and Magistrate Judge Farrer's Report and Recommendation is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1).

It is further ORDERED that the Commissioner's decision is AFFIRMED, and Gee's complaint is DISMISSED WITH PREJUDICE.

The Clerk of the Court shall close this case upon entry of this order.

It is so ORDERED.
SIGNED this 17th day of September, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE